UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jason Beaux Eugene Bennett, | Civil No. 18-2566 (JRT/BRT) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Olmsted County Adult Detention Center, | |
| Defendant. | |

Plaintiff Jason Beaux Eugene Bennett filed this action against defendant Olmsted County Adult Detention Center seeking relief for alleged violations of his federal constitutional rights. *See* ECF No. 1. In reviewing Bennett's application to proceed *in forma pauperis* and calculating Bennett's initial partial filing fee, this Court warned Bennett that "county jails are not legal entities amenable to suit." ECF No. 3 at 3 n.2 (citing *De La Garza v. Kandiyohi County Jail*, 18 Fed. App'x 436 (8th Cir. 2001) (per curiam)). Bennett could seek relief from the specific individuals alleged to have violated his constitutional rights; or, if Olmsted County itself was responsible for the violations, he could seek relief from that governmental entity. The jail, however, was not a proper defendant. Accordingly, this Court invited Bennett to file an amended complaint. *Id*.

Bennett paid the required initial partial filing fee for this matter as ordered, but he did not file an amended complaint. Still, rather than recommend dismissal, this Court gave Bennett another opportunity to file an amended complaint, noting the following:

1

> The deficiency in the pleading is technical, but critical. The allegations in the complaint are sufficient to put the Court and any appropriately named opposing parties on notice of the claims being raised in this litigation. That said, without a proper defendant from which Bennett may seek relief, this matter simply cannot go forward — indeed, service of process cannot even be effected, as there is no means of effecting service on a defendant that is not a legal entity capable of being sued.

ECF No. 5 at 1.

It is not clear that this order ever reached Bennett; the document was returned to the Court as undeliverable. Unfortunately for purposes of this litigation, Bennett no longer resides at the jail for which he provided contact information, and Bennett has not given the Court any other information by which it could reach him. The result is that, for several months now, this litigation has remained in limbo, with no proper defendant named and no instruction from the plaintiff about how he intends to proceed.

This Court previously warned that "Bennett must submit his amended complaint by no later than November 5, 2018, failing which this matter will proceed to screening — and as suggested above, this matter cannot survive screening as currently pleaded." ECF No. 5 at 2. That deadline has now long since passed. Therefore, in accordance with the prior order, this Court now recommends that this matter be dismissed without prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim for relief against an actionable defendant. Should Bennett file an amended complaint while this Recommendation remains pending, this Court will vacate the Recommendation and evaluate the amended complaint pursuant to § 1915A.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A.

2. The application to proceed *in forma pauperis* of plaintiff Jason Beaux Eugene Bennett [ECF No. 2] be DENIED.

Dated: January 10, 2019              *s/ Becky R. Thorson*_____
                                     Becky R. Thorson
                                     United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).